UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SEAN HARRIS, ) | Civil No. 1:18-cv-600 |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | COMPLAINT and |
| IMMACULATE MIC'S, LLC d/b/a ) | DEMAND FOR JURY TRIAL |
| IMMACULATE MIC'S AUTO ) | |
| DETAILING and MICAH B. FORREST, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, Sean Harris ("Harris"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against Defendants Immaculate Mic's, LLC d/b/a Immaculate Mic's Auto Detailing ("Immaculate Mic's") and Micah B. Forrest ("Forrest") (together, "Defendants").

## NATURE OF PLAINTIFF'S CLAIMS

1.   Harris brings his FLSA claim against Defendants pursuant to 29 U.S.C. § 216(b) and he seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

## THE PARTIES

2.   Harris is an adult individual who is a resident of Concord, North Carolina.

3.   Harris was employed by Defendants from approximately 2014 to approximately July1, 2018.

4. Immaculate Mic's is a domestic business limited liability company registered and in good standing in the State of North Carolina, located at 380 McGill Avenue, Concord, NC 28027.

5. Forrest is an owner, member and/or officer of Immaculate Mic's. In this capacity, Forrest is involved in the day-to-day business operations of Immaculate Mic's.

6. Forrest has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including the decision to classify Plaintiff as an independent contractor and to deny payment of statutory overtime.

7. At all relevant times, Forrest acted and had responsibility to act on behalf of, and in the interests of Immaculate Mic's in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the issues raised by Plaintiff in this lawsuit. At all relevant times, Forrest was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

9. This Court has personal jurisdiction because Defendants conduct business in Cabarrus County, North Carolina, which is located within this judicial district.

10. Venue is proper in this judicial district because Defendants have substantial business contacts in this district and because the unlawful acts alleged herein occurred in Cabarrus County, North Carolina.

## COVERAGE ALLEGATIONS

11. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

14. At all times hereinafter mentioned, Harris was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## PLAINTIFF'S FACTUAL ALLEGATIONS

15. Immaculate Mic's provides automobile detailing services for individuals, automobile dealerships and other commercial entities.

16. Harris performed the duties of automobile detailer for Immaculate Mic's.

17. At all relevant times, Harris' primary job duties involved performing manual labor.

18. Harris was subject to the direction and control of Defendants with regard to the manner and means of his job performance.

19. Harris had no opportunity for profit or loss based on the performance of his job duties.

20. Defendants misclassified Harris as an independent contractor.

21. At all relevant times, Harris was a nonexempt employee within the meaning of the FLSA and eligible for overtime compensation for all work performed in excess of 40 hours in a workweek.

22. Defendants paid Harris a biweekly salary that was subject to partial and full-day deductions for absences from work.

23. Harris regularly worked in excess of 40 hours during the majority of the workweeks he was employed by Defendants.

24. During the period July 6, 2015 until on or about July 1, 2018, Harris estimates he worked between 60 – 70 hours each workweek.

25. Harris estimates that for the period July 6, 2015 until on or about July 1, 2018, he is owed approximately 3,875 hours of unpaid overtime.

26. Defendants had knowledge that Harris worked in excess of 40 hours each work week.

27. Defendants did not accurately track and record the hours worked by Harris.

28. Defendants willfully failed to pay Harris the overtime premium required by the FLSA.

**(Violation of FLSA – Overtime)**

29. Plaintiff incorporates by reference paragraph 1-28 of his Complaint.

30. Defendants' violation of the FLSA arises from its failure to pay overtime wages earned by Harris.

31. Defendants violated the FLSA by failing to pay Harris an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

32. Defendants violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

33. Defendants' violation of the FLSA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Harris demands the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Harris and for liquidated damages equal in amount to the unpaid compensation found due to Harris;

b) An Order awarding the costs of this action;

c) An Order awarding reasonable attorneys' fees;

d) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

 /s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276
**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone:     (704) 612-0038
E-Mail:  phil@gibbonsleis.com